UNION WATER POWER CO.

*vs.*

JOSEPH G. CHABOT, Admr., building, and claimant.

Androscoggin.　Opinion December 11, 1899.

*Lien. Buildings. Land Rent. R. S., c. 91, § 37.*

Under R. S., c. 91, § 37, buildings placed upon land of another are subject to a lien for land rent, whether the land is leased or not. It is an absolute statute lien, and treats the thing as the debtor, independent of the ownership. Having once attached, it exists as to subsequently accruing rent, not as a new, but as the original lien.

It takes precedence of a mortgage, whether existing when the building was rightfully placed upon the land and made subject to rent, or subsequently created.

It is enforceable against the building whenever land rent becomes due and payable, regardless of its then ownership.

ON EXCEPTIONS BY DEFENDANT,

This was an action brought to recover six months' rent of land, the plaintiff claiming a lien on the building standing on the land in the city of Lewiston for the amount of the rent, by virtue of the following provisions of R. S., c. 91, § 37:—

"In all cases where land rent accrues and remains unpaid, whether under a lease, or otherwise, all buildings upon the premises while the rent accrues, are subject to a lien and to attachment for the rent due, as provided in the preceding section, although other persons than the lessee may own the whole or a part thereof, and whether or not the land was leased for the purpose of erecting such buildings; provided, however, that if any person except the lessee, is interested in said buildings, the proceedings shall be substantially in the forms directed for enforcing liens against vessels, with such additional notice to supposed or unknown owners, as any justice of the supreme judicial court orders, or the attachment and levy of execution shall not be valid except against the lessee."

The case was submitted to the presiding justice with the right of exception, upon the following agreed statement of facts.

"The building was erected in the spring of 1894, on land of the plaintiff. After the completion of said building, on August 7, 1894, the defendant's intestate mortgaged said building to E. Provost & Sons to secure a loan of $200.00, which said mortgage was duly recorded in the office of the city clerk of Lewiston on said August 7, 1894.

"It is admitted that the building above mentioned constitutes the only assets of said intestate in the hands of said Joseph G. Chabot, administrator, and that said estate is insolvent.

"It is admitted that the rent claimed by the plaintiff accrued in 1898 and subsequent to the delivery and record of the mortgage to E. Provost & Sons.

"The question to be determined is whether the plaintiff's lien on said building for land rent, as set forth in its writ, takes precedence of and is superior to the lien of the mortgagees under the mortgage as above set forth."

The presiding justice ruled that the landlord's lien was superior to the mortgage and ordered judgment against the building for the

lien claimed, and judgment against the estate of Frank X. Cote for $45.34.

To this ruling the defendant and mortgagees excepted.

*Wallace H. White, Seth M. Carter and Harry Manser*, for plaintiff.

The language of the statute as to a mechanic's lien is qualified, making contract with or consent of the owner necessary, and under the general rules of law, a mortgagor cannot by contract subject the mortgagee to a lien having priority of his mortgage.

The statute relating to the lien for land rent is absolute in terms, has no qualifying language whatever, does not require any contract with or consent of the owner, but instead says that the lien shall attach, although other persons than the lessee may own the whole or a part thereof, provides no way in which the owner may bar the lien by notice, and is therefore strictly analogous to the statute lien on vessels, and furthermore, it provides that in case any person except the lessee is interested in said buildings, the proceedings shall be substantially in the forms directed for enforcing liens against vessels.

If precisely the same method of procedure is to be employed, can there be any question that it is for the purpose of accomplishing the same results? For what reason are we obliged to summon in all persons interested, to serve notice on known or supposed owners, and to prove to any mortgagee who may see fit to appear the amount and validity of our lien, if it be not that we may obtain a judgment which shall bind all parties? If our lien is subject to a mortgage, and if the mortgagee's rights are in no way affected by the judgment, why is it necessary to give him any notice?

The decisions of our court show that, for this very purpose, legislation as to notice has been enacted with regard to liens that take precedence of all other claims. In 1852 there was no such provision on the statute books, and the court in *Perkins* v. *Pike*, 42 Maine, 141 say: "The practical difficulty in cases of lien by statute, arises from the omission on the part of the legislature to make provision for notice to all persons interested, so that the

judgment rendered shall be conclusive upon all. Until provision is made for general notice, the judgment may conclude the parties to the suit, but it cannot bind others."

The reason that we find no decision of our court bearing upon it to be well stated by the Chief Justice in the case of a shipwright's lien before the English Court of Common Pleas, when he said, in deciding that a mortgage was inferior to the lien: "There is, it seems, no authority to be found bearing upon the question. I should rather expect that it had never been made the subject of litigation because the right of lien has always been admitted to attach." See Jones on Chattel Mortgages, § 474, and *Beall* v. *White*, 94 U. S. 382, there cited.

This mortgage, although perhaps prior in time, was created by contract, while the lien of the lessor, later in time, arises out of the statute and no contract is necessary. The rule of law that the mortgagee's authority for the creation of a lien may be implied, is applicable to the case at bar. Thus in the case of *Hammond* v. *Danielson*, 126 Mass. 294, it was held that independently of any provision of statute, the lien of a person making repairs on a hack which remained in the possession and use of the mortgagor, had precedence of a prior mortgage of the hack, on the ground that "it was the manifest intention of the parties that the hack should continue to be driven for hire, and should be kept in a proper state of repair for that purpose, not merely for the benefit of the mortgagee, but for that of the mortgagor also, by preserving the value of the security, and affording a means wherewithal to pay off the mortgage debt."

So here, it was the manifest intention of the parties that the building should remain on the land, subject by law to the lien for rent, so that it might furnish the means of providing an income wherewith to pay said rent and also the mortgage debt.

And this is no hardship on the mortgagee, for in order to make his security income-bearing he must either leave it on land where the law says it shall be subject to a lien for rent, or else invest money in the purchase of a lot for it to stand upon. He has chosen the former alternative and cannot free himself from the obligations incident to such action.

*J. G. Chabot,* for defendants.

Buildings erected on leased land become personal property, and thereby subject to the same rule of law governing other property of a chattel nature, in the absence of any special statutory enactments regulating or modifying that rule of law.  A valid chattel mortgage duly recorded takes precedence of a subsequent lien (no special statute to the contrary), and the mortgagor in possession cannot create a lien upon the mortgaged property that shall take precedence of his duly recorded mortgage.  Jones on Chat. Mortg. 4th Ed. § 472.

It is true that a lien given upon property by force of law or statute may, in exceptional cases, have precedence of an existing mortgage, such as the lien for repairs upon a vessel.  Such preference is given upon the principle that the mortgagee is as much benefited by the repairs as is the mortgagor, as such repairs are necessary for its preservation.  But no such reason exists in the case of a landlord's lien.  1 Jones on Liens, 2 Ed. § 557, and cases cited in notes.  Jones Chat. Mortg. § 474.

The same with liens on logs, which take precedence of a prior mortgage.  Such being the clear intent of the legislature and the language of the statute, which makes the laborer's lien superior to any other claim except the lien reserved to the state.  R. S., chap. 91, § 38.  *Oliver* v. *Woodman,* 66 Maine, 54.

Had the legislature intended to make the landlord's lien for rent superior to any other claim it would had so expressed it in the language of the statute.

The statute giving landlord a lien on building for land rent, creating rights in derogation of the common law, is to be construed strictly and is not to be extended beyond the clearly expressed intent of the legislature.  *Rogers* v. *Currier,* 13 Gray, 134.  It is not to be supposed that a statute was intended to violate the fundamental rights of property by creating a lien as against the mortgagees without their consent, unless such a construction appears from the language of the statute to be unavoidable.  Thus agistors' and livery stable-keepers' liens are generally subordinate to the lien

of a mortgagee.    Jones Chat. Mortg. §§ 472, 474, and cases cited in notes.

Mortgage being given before rent accrued is superior to the plaintiffs' lien.    1 Jones on Liens, § 557.    *Lyons* v. *Deppen*, 90 Ky. 305;  *Thorpe* v. *Fowler*, 57 Iowa, 541.

SITTING: PETERS, C. J., HASKELL, WISWELL, STROUT, FOGLER, JJ.

STROUT, J.    By R. S., c. 91, § 37, buildings placed upon land of another are subject to a lien for land rent, whether the land is leased or not.    It is an absolute statute lien, like that upon vessels and logs, and treats the thing as the debtor independent of any question of ownership.    *Deering* v. *Lord*, 45 Maine, 295.

It does not arise from contract, like the lien for erecting or repairing buildings.    *Morse* v. *Dole*, 73 Maine, 354.    It is a continuing lien.    It attaches from the time the building is placed upon the land, and continues in full vigor so long as it remains. Having once attached, it exists as to subsequently accruing rent, not as a new, but as the original lien.    It takes precedence of a mortgage, whether existing when the building was rightfully placed upon the land and made subject to rent, or subsequently created.

It is enforceable against the building, whenever land rent becomes due and payable, irrespective of its then ownership.

The ruling below was in accordance with the law.

*Exceptions overruled.*